UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

STEPHEN W. CARLSON,

      Plaintiff,

v.                             **ORDER**
                               Civil File No. 12-2780 (MJD/TNL)

MARK RITCHIE, Minnesota
Secretary of State in his official capacity,
and BERT BLACK, Minnesota Secretary
of State legal adviser in his official capacity,

      Defendants.

---

    This matter is before the Court on Plaintiff Stephen W. Carlson's "2nd Motion for Temporary Restraining Order to Direct Mark Ritchie to Release to Plaintiff E-mail Addresses of Registered Voters in 4th Cong. Dist." [Docket No. 10]

    Plaintiff is a candidate for Congress in Minnesota's Fourth Congressional District. On approximately October 17, 2012, Plaintiff purchased, from the Office of the Secretary of State, a compact disc with the names and personal information for the registered voters in the Fourth Congressional District. Plaintiff asserts

that the information on the disc is incomplete because the disc does not include the e-mail addresses for all registered voters.

Under Minnesota Statute § 201.071, subdivision 1, the Minnesota voter registration application must contain spaces for the following required information:

> voter's previous address, if any; voter's date of birth; voter's municipality and county of residence; voter's telephone number, if provided by the voter; date of registration; current and valid Minnesota driver's license number or Minnesota state identification number, or if the voter has no current and valid Minnesota driver's license or Minnesota state identification, the last four digits of the voter's Social Security number; and voter's signature.

Additionally, "[t]he registration application may include the voter's e-mail address, if provided by the voter, and the voter's interest in serving as an election judge, if indicated by the voter." Id.

Under Minnesota Statute § 201.091, subdivision 4,

> [t]he county auditor shall make available for inspection a public information list which must contain the name, address, year of birth, and voting history of each registered voter in the county.  The telephone number must be included on the list if provided by the voter.

Further, "the secretary of state shall provide copies of the public information lists in electronic or other media to any voter registered in Minnesota within ten days

of receiving a written or electronic request accompanied by payment of the cost of reproduction." Id., subd. 5. "An individual who inspects or acquires a copy of a public information list may not use any information contained in it for purposes unrelated to elections, political activities, or law enforcement." Id.

Plaintiff points out that e-mail addresses are not included in the list of restricted data that must not be included in any list for public inspection or purpose. See Minn. Stat. § 201.091, subd. 9 ("A list provided for public inspection or purchase, for jury selection, or in response to a law enforcement inquiry, must not include a voter's date of birth or any part of a voter's Social Security number, driver's license number, identification card number, military identification card number, or passport number."). He concludes that e-mail addresses must be provided in the public list.

Plaintiff asserts that, as a registered Minnesota voter, he is entitled to purchase a list of the e-mail addresses of all registered voters in the Fourth Congressional District. He seeks to use the e-mail addresses to direct registered voters in the Fourth Congressional District to Plaintiff's web site and to encourage them to vote for him on November 6, 2012.

The statutes at issue do not state that e-mails are to be provided in the public information list. Plaintiff has no right to access to data collected that is not part of the defined public information list. See McGrath v. Minnesota Secretary of State, No. A11–613, 2011 WL 5829345, at *5 (Minn. Ct. App. Nov. 21, 2011) (unpublished), review denied (Feb. 14, 2012). Additionally, voter e-mail addresses are not made available to the public by the Secretary of State. (See Poser Aff.) They have not been provided to any other candidate for election. (Id.) Plaintiff is not likely to succeed on the merits of his claim.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

> Plaintiff Stephen W. Carlson's "2nd Motion for Temporary Restraining Order to Direct Mark Ritchie to Release to Plaintiff E-mail Addresses of Registered Voters in 4th Cong. Dist." [Docket No. 10] is **DENIED**.

Dated: November 5, 2012                s/ Michael J. Davis
                                        Michael J. Davis
                                        Chief Judge
                                        United States District Court