UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHEN W. CARLSON,

       Plaintiff,

v.                               **MEMORANDUM OF LAW & ORDER**
                                 Civil File No. 12-2780 (MJD/TNL)

MARK RITCHIE, Minnesota
Secretary of State in his official capacity,
and BERT BLACK, Minnesota Secretary
of State legal adviser in his official capacity,

       Defendants.

Stephen W. Carlson, pro se.

Nathan J. Hartshorn and Oliver J. Larson, Minnesota Attorney General's Office, Counsel for Defendants.

## I.  INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Alter and Amend Judgment, and for Relief from the Judgment and Order on the Grounds of New Evidence, Intrinsic Fraud, and Interest of Justice.  [Docket No. 43]

## II.  BACKGROUND

On June 3, 2013, this Court filed an order granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. [Docket No. 41] Judgment was entered on June 3, 2013. [Docket No. 42]

Plaintiff has now filed a Motion to Alter and Amend Judgment, and for Relief from the Judgment and Order on the Grounds of New Evidence, Intrinsic Fraud, and Interest of Justice. [Docket No. 43]

## III. DISCUSSION

### A. Legal Standard

Plaintiff brings his motion under Federal Rules of Civil Procedure 59(e), 60(b)(2), 60(b)(3), and 60(b)(6).

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted). The Court "has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." Id. A Rule 59(e) motion "cannot introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id.

> To prevail on a Rule 59(e) motion, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the

evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result.

Id.

In relevant part, Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]

. . .

(6) any other reason that justifies relief.

"Rule 59(e) and Rule 60(b)(2) are analyzed identically." Metro. St. Louis Sewer Dist., 440 F.3d at 933 n.3.

**B.     Motion under Rule 59(e) and Rule 60(b)(2)**

This Court holds that Carlson is not entitled to relief under Rule 59(e) or Rule 60(b)(2). Carlson's submissions do not raise any manifest errors of law or fact in the Court's June 3 Order or Judgment.

Additionally, Carlson fails to point to material new evidence. Carlson claims his recent discovery of the Minnesota Office of the Legislative Auditor, <u>Financial Audit Division Report: Secretary of State Mark Ritchie Investigation: Use of Contact Information</u>, dated January 8, 2008 ("OLA Report") constitutes newly discovered evidence. If Carlson discovered the OLA Report after judgment was entered, then he discovered the Report in 2013. However, the OLA report was published and made available to the public in 2008. Accordingly, Carlson has not shown that he exercised due diligence to discover the OLA Report; the OLA Report was publicly available long before Carlson filed this lawsuit. Moreover, the OLA Report is not material. Consideration of the Report would not change the Court's analysis or decision in this case. The OLA Report did not address the classification or use of SVRS data.

Similarly, the August 9, 2012 article regarding Congresswoman McCollum's opinion on state legislation to protect email addresses possessed by local and state government entities was publicly available before Carlson filed this lawsuit and is not material to the legal analysis in this case.

### C.    Motion under Rule 60(b)(3)

The Court holds that Carlson has failed to meet the 60(b)(3) fraud standard because he failed to show "with clear and convincing evidence," that Defendants

4

"engaged in fraud or misrepresentation that prevented [Carlson] from fully and fairly presenting [his] case." See Atkins v. Prudential Prop. Co., 43 F.3d 367, 373 (8th Cir. 1994). The OLA Report does not show that Defendants committed fraud in this case by representing that the Office of the Secretary of State does not provided SVRS email addresses to candidates. As the Court has noted, the OLA Report did not address SVRS data at all. Moreover, the Court dismissed this matter on a motion to dismiss under Rule 12(b)(6). Consistent with the Rule 12(b)(6) standard, only the pleadings were considered. The Court did not consider or rely on the Poser Affidavit or any argument by Defendants based on the Poser Affidavit. Thus, even if Carlson could have shown that the affidavit was fraudulent, Defendants did not engage in fraud or misrepresentation in a manner that prevented Carlson from fully and fairly presenting his case. The affidavit had no impact on the Court's ruling and is not a basis for altering or amending judgment.

    D.    **Motion under Rule 60(b)(6)**

This Court holds that Carlson is not entitled to relief under 60(b)(6). Carlson has failed to demonstrate any "exceptional circumstances" that denied him a full and fair opportunity to litigate his claim or prevented him from receiving adequate redress. See Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir.

5

2005).  The Court has thoroughly reviewed the parties' submissions, the record, and the Court's June 3 Order and Judgment and concludes that the Order and Judgment contain no manifest errors of law or fact.  Nor has Plaintiff offered new evidence that would alter the Court's Order or Judgment.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Plaintiff's Motion to Alter and Amend Judgment, and for Relief from the Judgment and Order on the Grounds of New Evidence, Intrinsic Fraud, and Interest of Justice [Docket No. 43] is **DENIED**.

Dated:   October 25, 2013              s/ Michael J. Davis
                                                                       Michael J. Davis
                                                                       Chief Judge
                                                                       United States District Court